**UNITED SETATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOHN L. WATERS, on behalf of himself and all others similarly situated, Plaintiff | )<br>)<br>)<br>) |
| v. | )   Civil No.<br>)<br>) |
| J.C.CHRISTENSEN & ASSOCIATES, INC., Defendant | )<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In addition, the Massachusetts Attorney General has promulgated regulations designed to "establish standards, by defining unfair or deceptive acts or practices [prohibited under G.L. c. 93A], for the collection of debts from persons within the Commonwealth of Massachusetts." 209 CMR 18.01.

In this action, plaintiff seeks statutory damages and injunctive relief on behalf of himself and a class of Massachusetts consumers similarly situated to redress unlawful conduct of defendant in attempting to collect an alleged consumer debt.

### Parties

1.  Plaintiff John L. Waters is an individual who at all relevant times has resided in Acton, Middlesex County, Massachusetts.

2.  Defendant J.C. Christensen & Associates, Inc. is, on information and belief, a corporation duly organized and existing under the laws of the State of Minnesota.

3.  At all relevant times defendant was a "debt collector" within the meaning of 15 U.S.C. §1692a(6) and 209 CMR 18.01.

4.  At all relevant times defendant has been engaged in trade or commerce in the Commonwealth of Massachusetts as defined by G.L. c. 93A, section 1.

### Jurisdiction and Venue

5.  Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

6.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### Statement of Facts

7. Defendant sent plaintiff a letter dated November 9, 2007 in connection with a consumer debt allegedly owed to Resurgent Capital Services, a true copy of which is appended hereto as Exhibit A.  The letter contained the heading "NOTICE OF LEGAL REVIEW AND SETTLEMENT OPTION" and contained the following statement:

"Resurgent Capital Services has prescreened and reviewed your account to be forwarded to an Attorney's office and our client has legal representation in Massachusetts." In addition, the letter stated that accepting the settlement proposal set forth in the letter and maintaining payments would "suspend forwarding this account to an Attorney."

8. Plaintiff did not accept the settlement proposal set forth in Exhibit A.

9. Plaintiff's account was not forwarded to an attorney in Massachusetts. Instead, defendant sent plaintiff a second letter dated December 25, 2007 in connection with the same alleged debt, a true copy of which is appended hereto as Exhibit B. Said letter stated in part: "THIS ACCOUNT WILL BE FORWARDED TO AN ATTORNEY in Massachusetts if you do not contact us to resolve this account." (emphases in original). The letter also stated, after setting forth a settlement proposal, that accepting the proposal and maintaining payments would "suspend forwarding this account to an Attorney."

10. Plaintiff did not contact defendant following receipt of Exhibit B or accept the settlement proposal set forth therein.

11. Plaintiff's account was not forwarded to an attorney in Massachusetts. Instead, defendant sent plaintiff a third letter dated February 7, 2008 in connection with the same alleged debt, a true copy of which is appended hereto as Exhibit C. This letter contained the heading "FINAL NOTICE OF LEGAL REVIEW," and further stated: "THIS ACCOUNT WILL BE FORWARDED TO AN ATTORNEY in the state of Massachusetts if you do not contact us to resolve this account." In addition, after setting forth a settlement proposal, the letter stated that accepting the proposal and maintaining payments would "suspend forwarding this account to an Attorney."

## Claims for Relief – First Letter (Exhibit A)

### COUNT I

12. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

13. Defendant's statements in the November 9, 2007 letter that a "legal review" had occurred and that plaintiff's account would be forwarded to an attorney's office unless settled were false, misleading, and/or deceptive in violation of 15 U.S.C. §1692e.

### COUNT II

14. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

15. Defendant's misrepresentations in the November 9, 2007 letter that a "legal review" had occurred and that plaintiff's account would be forwarded to an attorney's office unless settled constituted an unfair means of attempting to collect the alleged debt in violation of 15 U.S.C. §1692f.

### COUNT III

16. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

17. Defendant's actions violated 209 CMR 18.16, 209 CMR 18.17, and the FDCPA as set forth herein, and thus constituted unfair and/or deceptive acts and practices in violation of G.L. c. 93A, section 2.

18. Defendant's violations of G.L. c. 93A, section 2 were willful and knowing in nature.

19. On September 22, 2008, plaintiff – through counsel – sent defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9, which demand reasonably described the unlawful conduct complained of and injuries suffered.

20. Defendant received plaintiff's demand but did not make a reasonable written tender of settlement within 30 days of receipt.

21. Defendant's failure to make a reasonable written tender of settlement upon demand was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, section 2.

22. Plaintiff was injured within the meaning of G.L. c. 93A, section 9, in that he was misled regarding his options for potentially resolving the alleged debt and the available time frames for doing so.

### Class Action Allegations – First Letter

23. Plaintiff brings counts I – III of this complaint on behalf of himself and all other persons similarly situated.  Class members in count III (Class "A") are all Massachusetts residents who: (i) were sent by defendant, within 4 years of the filing of this action, a letter concerning an alleged consumer debt which included the language set forth in paragraph 7, above and was not returned to sender as undeliverable.  Class members in counts I and II (Class "B") are those members of the count III class whose letters were sent within 1 year of the filing of this action.  On information and belief, the class and sub-class are sufficiently numerous such that joinder is impracticable.

24. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether defendant is a debt collector under the FDCPA and whether the letter violates the FDCPA and G.L. c. 93A as alleged.

25. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

26. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

27. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

   WHEREFORE, plaintiff prays that this Honorable Court:

   (i)   certify plaintiff's claims pursuant to Fed.R.Civ.P. 23 and G.L. c. 93A, section 9;

   (ii)  appoint plaintiff as class representative and the undersigned as class counsel;

   (iii) award plaintiff and class members statutory damages against defendant;

   (iv)  award plaintiff and class members costs and attorney's fees against defendant;

   (v)   award such further relief as shall be just and proper.

## Claims for Relief – Second Letter (Exhibit B)

### COUNT IV

28. The allegations of paragraphs 1 – 13 are incorporated herein as if fully set forth.

29. Defendant's statement in the second letter that plaintiff's account "will be forwarded to an attorney" unless plaintiff contacted defendant or entered into a settlement was false, misleading, and/or deceptive in violation of 15 U.S.C. §1692e.

## COUNT V

30. The allegations of paragraphs 1 – 13 are incorporated herein as if fully set forth.

31. Defendant's misrepresentation in the second letter that the account would be forwarded to an attorney unless plaintiff contacted defendant or entered into a settlement were false, misleading, and/or deceptive in violation of 15 U.S.C. §1692e constituted an unfair means of attempting to collect the alleged debt in violation of 15 U.S.C. §1692f.

## COUNT VI

32. The allegations of paragraphs 1 – 31 are incorporated herein as if fully set forth.

33. Defendant's actions violated 209 CMR 18.16, 209 CMR 18.17, and the FDCPA as set forth herein, and thus constituted unfair and/or deceptive acts and practices in violation of G.L. c. 93A, section 2.

34. Defendant's violations of G.L. c. 93A, section 2 were willful and knowing in nature.

35. On September 22, 2008, plaintiff – through counsel – sent defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9, which demand reasonably described the unlawful conduct complained of and injuries suffered.

36. Defendant received plaintiff's demand but did not make a reasonable written tender of settlement within 30 days of receipt.

37. Defendant's failure to make a reasonable written tender of settlement upon demand was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, section 2.

38. Plaintiff was injured within the meaning of G.L. c. 93A, section 9, in that he was misled regarding his options for potentially resolving the alleged debt and the available time frames for doing so.

### Class Action Allegations – Second Letter

39. Plaintiff brings counts IV – VI of this complaint on behalf of himself and all other persons similarly situated. Class members in count IV (Class "C") are all Massachusetts residents who: (i) were sent by defendant, within 4 years of the filing of this action, a letter concerning an alleged consumer debt which included the language set forth in paragraph 9, above and was not returned to sender as undeliverable. Class members in counts I and II (Class "D") are those members of the count III class whose letters were sent within 1 year of the filing of this action. On information and belief, the class and sub-class are sufficiently numerous such that joinder is impracticable.

40. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members. Common issues include whether defendant is a debt collector under the FDCPA and whether the letter violates the FDCPA and G.L. c. 93A as alleged.

41. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

42. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

43. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

>WHEREFORE, plaintiff prays that this Honorable Court:
>
>(i)  certify plaintiff's claims pursuant to Fed.R.Civ.P. 23 and G.L. c. 93A, section 9;
>
>(ii) appoint plaintiff as class representative and the undersigned as class counsel;
>
>(iii) award plaintiff and class members statutory damages against defendant;
>
>(iv) award plaintiff and class members costs and attorney's fees against defendant;
>
>(v)  award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

JOHN L. WATERS
By his attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
kquat@quatlaw.com