**UNITED SETATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JOHN L. WATERS, on behalf of himself and all others similarly situated,**        **Plaintiff** <br><br> v. <br><br> **J.C.CHRISTENSEN & ASSOCIATES, INC.,** <br>       **Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil No.  08-11795-NG |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S AFFIDAVIT**

Plaintiff John L. Waters opposes defendant's motion to strike portions of his affidavit submitted in support of his motion for partial summary judgment, specifically, paragraph 9 of the affidavit.  Defendant's motion should be denied because there is no direct, clear contradiction between the affidavit and plaintiff's deposition answers, particularly since most of the answers of which defendant complains were in response to vague and ambiguous questions.  The motion should also be denied because the subject matter of the challenged statements – whether the debt which defendant was attempting to collect was consumer in nature – is not a contested issue in this action, defendant having admitted to said fact both in its answer to the second amended complaint and at its deposition.

      1. Plaintiff testified clearly at his deposition that the purchases made with the Sears care were not business-related, that he believed they were household-related purchases, but that he simply couldn't recall "100 percent."  Deposition of John L.

Waters, p. 10.  This should end the inquiry, as these statements in no way conflict materially with plaintiff's averments in his affidavit that he "never owned or operated a business, so it is not possible that the account was used at all for commercial purposes," and that "[his] recollection is that [he] used the Sears account to make miscellaneous purchases for my personal use."  Affidavit of John L. Waters in Support of Motion for Partial Summary Judgment, ¶9.  Moreover, questions premised on the vague and undefined phrase "sort of purchases" – which all of defendant's questions were – can hardly be expected to elicit any more specific information than plaintiff provided.[1]

   2.  There is no basis for striking paragraph 9 because defendant has admitted that the Sears debt which defendant was attempting to collect was consumer in nature.  In paragraph 7 of the second amended complaint, plaintiff alleged that defendant's initial letter was sent "in connection with a consumer debt allegedly owed to Resurgent Capital Services," an allegation which defendant did not deny.[2]  Consequently, the allegation is deemed admitted: "An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."  Fed.R.Civ.P. 8(b)(6).  In addition, defendant is bound by its deposition testimony that the Sears account was a consumer debt covered by the FDCPA.  *See* Memorandum of Law in

---

[1] Unfortunately, in its desperate attempt to prevail in this litigation at all costs, defendant has acted less than honorably in failing to inform the Court that defendant's question "And you don't know what you used it [the Sears Account] for?" was followed immediately by a vigorous, well-founded objection by plaintiff's counsel, that the question had been "asked and answered, twice."  Deposition of John L. Waters, 17:14-15.  In response to the objection, defendant's counsel stated, also less than honorably: "I'm going to ask it 100 times," to which plaintiff's counsel replied: "Go ahead.  I'll object 100 times."  Waters Depo, 17:16-19.

[2] Defendant's sole response to paragraph 7 was: "Defendant states that the correspondence described in paragraph 7 speaks for itself, and admits that is [sic] sent this correspondence."  Defendant's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, ¶7.

Support of Plaintiff's Motion for Partial Summary Judgment, pp. 21 - 23.[3]

      Accordingly, for the above reasons defendant's motion to strike should be denied in its entirety.

                                    JOHN L. WATERS
                                    By his attorney:

                                    */s/Kenneth D. Quat*
                                    BBO #408640
                                    QUAT LAW OFFICES
                                    678 Massachusetts Avenue, Suite 702
                                    Cambridge MA 02139
                                    617-492-0522
                                    kquat@quatlaw.com

---

[3] As explained in this memorandum, at his deposition defendant's corporate representative - Chad Lemke - answered "yes" to the question: "part of the reason for sending the [initial] letter to Mr. Waters was . . . to provide him with the rights he was entitled to under the validation rights under the FDCPA, correct?" Affidavit of Kenneth D. Quat in Support of Plaintiff's Motion for Partial Summary Judgment, exhibit A.

## Certificate of Service

I, Kenneth D. Quat, Esquire, hereby certify that on March 24, 2010, I served the foregoing document on all registered ECF users via the Court's ECF system, and on any non-registered parties via first class mail, postage prepaid.

*/s/Kenneth D. Quat*