## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JOHN L. WATERS ON BEHALF OF
HIMSELF AND ALL OTHER SIMILARLY
SITUATED,

       Plaintiff,

vs.

J.C. CHRISTENSEN & ASSOCIATES,
INC.,

       Defendant.

CIVIL ACTION NO.  08-11795-NG

### DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITIES

Defendant, J.C. Christensen & Associates, Inc., ("JCC"), hereby advises the Court of supplemental authorities upon which it relies in support of its Cross-Motion for Summary Judgment (DE # 36, 37), and its Motion to Strike Portions of Plaintiff's Affidavit in Support of his Motion for Summary Judgment (DE # 35).  As grounds, JCC states as follows:

**I.**     **Cross Motion for Summary Judgment**

1.     *Rule v. Fort Dodge Animal Health, Inc.*, 607 F. 3d 250 (1st Cir. 2010).  In *Rule*, the First Circuit affirmed the trial court's decision, and reiterated that in order to seek recovery under G.L. c. 93A, a plaintiff must suffer "real" economic damages.  In doing so, the Court rejected the notion that the impairment of an abstract right without economic damages was sufficient to constitute an "injury" for purposes of seeking recovery under G.L. c. 93A. *Id*. at 253-255.

**II.     Motion to Strike Portions of Plaintiff's Affidavit in Support of his Motion for Summary Judgment**

1.     *Lopez-Carrasquillo v. Rubianes*, 230 F. 3d 409 (1st Cir. 2000).  In *Lopez*, the Plaintiff submitted an affidavit in support of his motion for summary judgment which stated that: "it is correct in all its parts *to the best of my knowledge*" *Id.* at 414 (emphasis supplied).  The Court held that affidavit was insufficient as a matter of law because the foregoing statement was insufficient to demonstrate that the affidavit was submitted upon personal knowledge. *Id.*

2.     *Dubois v. Boston & M. R. R.*, 315 Mass. 758 (1944).  Plaintiff submitted an affidavit in support of a petition which stated that the statements contained therein were "true to the best of his knowledge and belief." *Id.*  The Court held such language was insufficient to meet the requirement that the petition be verified by affidavit. *Id.*  The Court's reasoning was partly predicated upon the holding in *Hadley v. Watson*, 143 Mass. 27, 28 (1886), in which an affidavit using nearly identical language was held insufficient because by using such language, the affiant does "not take the responsibility of stating that the facts are true" and "[does] not state that they know or recollect any of the facts." *Id. citing Hadley*, 143 Mass. at 28.

Respectfully submitted,
J.C. CHRISTENSEN & ASSOCIATES, INC.
By Its Attorneys,

*/s/ Andrew M. Schneiderman*
David A. Grossbaum, Esq., BBO #546020
Andrew M. Schneiderman, Esq., BBO #666252
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110
Tel: 617-213-7000 / Fax: 617-213-7001
dgrossbaum@hinshawlaw.com
Date:     March 2, 2011          aschneiderman@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman

34069114v1  0895819  07791